**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

IN RE: RODNEY THOMAS RIDDLE,   Case No. 1:20-cv-662

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On August 25, 2020, Rodney Thomas Riddle filed a "Notice of Appeal," ostensibly from a final decision of the U.S. Bankruptcy Court.[1] However, on closer review, it appears that Mr. Riddle is attempting to appeal to this Court the final judgment of the Bankruptcy Appellate Panel of the Sixth Circuit ("BAP"), which decision was filed by the BAP on June 29, 2020. Jurisdiction over any further appeal of the BAP decision lies in the Court of Appeals for the Sixth Circuit, and not in this Court. Therefore, this case should be dismissed.

**I.   Background**

Mr. Riddle is a pro se debtor whose chapter 7 bankruptcy case was dismissed upon a finding of bad faith and an abuse of the bankruptcy process. *See* Originating Case No.: 1:19-bk-10052. Mr. Riddle filed a timely appeal seeking reversal of that bankruptcy court decision, but because he did not timely elect to have his appeal heard by this Court, the BAP properly assumed jurisdiction over his appeal. *See* 28 U.S.C. § 158(b)(6), (c)(1). In its June 29 Opinion, the BAP affirmed the bankruptcy court's final order of dismissal, including the portion of the order that bars Mr. Riddle, described as "a

---

[1] Mr. Riddle neither paid the requisite filing fee nor completed an application to proceed *in forma pauperis*.

serial bankruptcy filer in the Southern District of Ohio," from filing further cases for a period of three years. (*See* Doc. 1-1 at PageID 12).[2] Apparently dissatisfied with this result, Mr. Riddle has filed a new "Notice of Appeal and Statement of Election" seeking, essentially, a "do-over" in this Court.

**II.     Analysis**

This Court has no jurisdiction to review the final judgment of the Bankruptcy Appellate Panel.  Pursuant to Rule 6(b) of the Federal Rules of Appellate Procedure, any appeal of a BAP decision must be filed in the Court of Appeals for the Sixth Circuit.  *See also* 28 U.S.C. § 158(d)(1) ("The courts of appeals shall have jurisdiction from all final decisions, judgments, orders and decrees entered under subsections (a) and (b) of this section.").  Appeals from a BAP decision must be filed in the Sixth Circuit pursuant to the time limits contained in the Federal Rules of Civil Procedure.  *See In re Swegan*, 555 F.3d 510 (6th Cir. 2009) ("An appeal from the district court or the BAP 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts.' § 158(c)(2).").

**III.    Conclusion and Recommendation**

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED for lack of jurisdiction.**

                                                     *s/ Stephanie K. Bowman*
                                                     Stephanie K. Bowman
                                                     United States Magistrate Judge

---

[2]Mr. Riddle has appeared as a party in several civil cases in this Court, including but not limited to two cases challenging foreclosure proceedings and/or a divorce decree concerning the same property that was referenced in his most recent bankruptcy proceeding.  *See, e.g., Riddle v. Wells Fargo Bank NA*, Case No. 1:15-cv-533 and *Riddle v. Hamilton County Recorder*, Case No. 1:20-cv-44.

2

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

IN RE: RODNEY THOMAS RIDDLE,   Case No. 1:20-cv-662

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).